STATE OF MAINE
PENOBSCOT, ss.

FILED & ENTERED
SUPERIOR COURT

JUN 08 2009

PENOBSCOT COUNTY

STATE OF MAINE,

v.

CAROLYN SCHENK,

Defendant.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. CR-08-989
WRA - PEN - C/

**ORDER ON DEFENDANT'S
MOTION TO SUPPRESS**

This matter is before the court on a motion to suppress filed by the defendant, Carolyn Schenk, on October 16, 2008. On June 3, 2009, the court held a hearing at which the State was represented by Assistant District Attorney Greg Campbell and the defendant was represented by Attorney Richard Hartley.

Testifying at the hearing were Officer Taylor Bagley of the Bangor Police Department and Christopher Steele, another motorist who observed the defendant's driving. Admitted into evidence was a video recorded by equipment mounted in Officer Bagley's marked vehicle, which shows the stop as well as some of the events leading up to the stop. (State's Ex. 1.) The court makes the following findings of fact based upon the testimony received and careful review of the video.

Near midnight on August 28, 2008, Officer Bagley was following a pickup truck driven by Christopher Steele. The vehicles were traveling westbound on State Street in Bangor. When approaching the intersection with Harlow and Exchange Streets, Officer Bagley observed a silver Volvo, which was driven by the defendant, move from the intersection's left-turn lane to the straight lane by reversing. The officer testified that this caused the pickup truck to slow down; however, Mr. Steele did not recall this incident.

1

From there all three vehicles continued traveling westbound on State Street with the defendant in front, Mr. Steele behind her, and Officer Bagley following Mr. Steele. Officer Bagley testified that he observed the defendant weave once within her lane on State Street before the vehicles reached Eastern Maine Medical Center, although he indicated that he had trouble observing the defendant's operation because of Mr. Steele's pickup truck.

The course of events from this point forward is depicted in the video recorded from Officer Bagley's cruiser. The video shows the defendant pull into the left turn lane at an intersection directly in front of the emergency room entrance of Eastern Maine Medical Center. The defendant performed a U-turn in order to travel eastbound on State Street. Officer Bagley also conducted a U-turn, following the defendant. The defendant successfully navigated the U-turn and then traveled through one intersection. At this time the defendant swerved significantly to the left causing her driver's-side tires to cross the centerline. At the time the defendant crossed the centerline, a car was approaching in the opposite direction. The video shows that Officer Bagley turned on his lights at the very moment the defendant crossed the centerline. The defendant pulled over in response to the officer's lights.

For a traffic stop to be permissible under the Fourth Amendment, a law enforcement officer must have an articulable suspicion that criminal activity is afoot, which is objectively reasonable based upon the totality of the circumstances. *State v. LaFond*, 2002 ME 124, ¶ 6, 802 A.2d 425, 427-28. The court has been able to carefully review the video in this case, which depicts the defendant swerving to the left and crossing the centerline towards oncoming traffic. The defendant's operation prior to

2

crossing the centerline caught Officer Bagley's attention, prompting him to follow her after the U-turn. Officer Bagley then saw the defendant swerve to the left towards oncoming traffic and cross the centerline and, at this point, he reasonably suspected that the defendant was operating under the influence. Therefore, the defendant's motion to suppress in denied.

The entry is:

> The defendant's motion to suppress, filed October 16, 2008, is **DENIED**.

Date: June ___, 2009

William R. Anderson
Justice, Superior Court